# EXHIBIT B

COPY

IN THE COURT OF COMMON PLEAS OF BLAIR COUNTY, PENNSYLVANIA

BRIAN T. DUPIRACK,

Plaintiff

No. 2007 GN 5438

v.

KIRK NOLAN and PENNSYLVANIA STATE POLICE,

Defendants

TYPE OF COURT: Civil

TYPE OF PLEADING: Complaint

ASSIGNED JUDGE: N/A

CIVIL CODE NO.: 140

COUNSEL FOR PLEADING
Richard A. Behrens, Esquire
Ten Bird Cage Walk
Towne Square
Hollidaysburg, PA 16648
(814) 696-4747
Atty. I.D. No. 16919

OPPOSING COUNSEL: None

FILED
BLAIR COUNTY, PA
2009 JAN 23 P 3:25
PROTHONOTARY
CLERK OF COURTS
OF ORPHANS COURT

| | | |
|---|---|---|
| BRIAN T. DUPIRACK, | : | IN THE COURT OF COMMON PLEAS |
| | : | OF BLAIR COUNTY, PENNSYLVANIA |
| Plaintiff | : | |
| | : | CIVIL DIVISION - LAW |
| v. | : | |
| | : | No. 2007 GN 5438 |
| | : | |
| KIRK NOLAN and PENNSYLVANIA STATE POLICE, | : | |
| | : | |
| Defendants | : | |

NOTICE TO PLEAD

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Mid Penn Legal Services, Inc.
1107 12th Street
Suite 1,
Mezzanine Fl.
Altoona, PA 16601
(814) 943-8139

Richard A. Behrens, Esq.

By: [signature]
Richard A. Behrens, Esquire
Attorney for Plaintiff

| | | |
|---|---|---|
| BRIAN T. DUPIRACK, | : | IN THE COURT OF COMMON PLEAS |
| | : | OF BLAIR COUNTY, PENNSYLVANIA |
| Plaintiff | : | |
| | : | CIVIL DIVISION - LAW |
| v. | : | |
| | : | No. 2007 GN 5438 |
| | : | |
| KIRK NOLAN and PENNSYLVANIA | : | |
| STATE POLICE, | : | |
| | : | |
| Defendants | : | |

## COMPLAINT

NOW comes the plaintiff, Brian T. Dupirack, and by his attorney, Richard A. Behrens, Esq., files the within complaint upon a cause of action whereof the following is a statement:

1.

The plaintiff, Brian T. Dupirack, is an adult individual residing at 127 Stumptown Lane, Lilly, Cambria County, Pennsylvania 15938.

2.

The defendant, Kirk Nolan, is an adult individual who is, and at all times pertinent hereto was, a State Trooper employed by the Pennsylvania State Police having a barracks at 1510 N. Juniata Street, Hollidaysburg, Blair County, Pennsylvania 16648.

3.

The defendant, Pennsylvania State Police, is an agency of the Commonwealth of Pennsylvania having a barracks located at 1510 N. Juniata Street, Hollidaysburg, Blair County,

Case 3:08-mc-00025 Document 17-4 Filed 02/12/2009 Page 5 of 14


Pennsylvania 16648.

4.

On or about October 4, 2005, the plaintiff and other individuals were visiting at the residence of Rebecca Chandler-Christie at 1941 Springhill Road, Portage, Pennsylvania.

5.

Commencing at approximately 2:00 p.m. on the said date, officers of the Pennsylvania State Police entered the said premises in an apparent inquiry into activities and/or conduct occurring or suspected at the said premises.

6.

In the course of a search of the said premises, Defendant Nolan, acting in the course and scope of his employment by Defendant Pennsylvania State Police, took hold of the plaintiff, dragged him across the floor of the third floor of the premises, threw him down the steps to the second floor, dragged him across the second floor, and physically hurled him down the flight of steps leading from the second floor to the first floor of the said premises.

7.

At no time during the aforementioned conduct by Defendant Nolan did the plaintiff offer any resistance or lack of cooperation of any kind or nature whatsoever.

8.

As a result of the said conduct by Defendant Nolan, the plaintiff sustained severe injuries to his back, both ankles and his wrist.

9.

As a direct and proximate result of the aforementioned conduct and injuries, the plaintiff was required to receive medical care and has suffered great pain and suffering, a severe shock to his nervous system, lost wages and employment and normal enjoyment of life.

COUNT I

10.

Paragraphs 1 through 9 hereinabove, inclusive, are incorporated by reference as if here set forth at length.

11.

The aforementioned conduct by Defendant Nolan was intentional, willful and/or malicious, and the defendants are therefore liable for the injuries and damages suffered by the plaintiff as a direct result of the said conduct.

12.

As a direct result of the aforementioned conduct by Defendant Nolan, the plaintiff has suffered pain and suffering, loss of normal enjoyment of life, expenditures of money for medical attention to treat his injuries, and loss of wages and

employment.

WHEREFORE, the plaintiff, Brian T. Dupirack, claims damages from the defendants, Kirk Nolan and the Pennsylvania State Police, in an amount in excess of Fifty thousand ($50,000.00) Dollars, plus exemplary or punitive damages and costs of suit.

COUNT II

13.

Paragraphs 1 through 9 hereinabove, inclusive, are incorporated by reference as if here set forth at length.

14.

The aforementioned conduct by Defendant Nolan and the injuries resulting therefrom were the direct and proximate result of gross negligence on the part of Defendant Nolan.

15.

The gross negligence of Defendant Nolan consisted of the following:

A. Using unwarranted and excessive force against the plaintiff under all of the then-existing circumstances.

B. Dragging, pushing and throwing the plaintiff bodily in reckless disregard for his physical and emotional wellbeing.

C. Placing the plaintiff in substantial risk of death or serious bodily injury by his conduct.

16.

By reason of the aforementioned gross negligence on the

part of Defendant Nolan, the plaintiff incurred the aforementioned injuries, as a result of which he has suffered pain and suffering, loss of normal enjoyment of life, expenditures of money for medical attention to treat his injuries, and loss of wages and employment.

WHEREFORE, the plaintiff, Brian T. Dupirack, claims damages from the defendants, Kirk Nolan and the Pennsylvania State Police, in an amount in excess of Fifty thousand ($50,000.00) Dollars, plus exemplary or punitive damages and costs of suit.

COUNT III

17.

Paragraphs 1 through 9 hereinabove, inclusive, are incorporated by reference as if here set forth at length.

18.

The aforementioned conduct by Defendant Nolan and the injuries resulting therefrom were a direct and proximate result of the carelessness and negligence of Defendant Nolan.

19.

On the aforementioned date, the carelessness and negligence of Defendant Nolan, consisted of the following:

A. Conducting himself toward the plaintiff in a manner which failed to exercise reasonable care under the circumstances then and there existing.

B. Failing to conduct himself and take such measures to

Case 3:08-mc-00232 Document 17-4 Filed 02/12/2009 Page 9 of 14



avoid injury to the plaintiff.

C. Failing to take such measures and/or precautions to afford to the plaintiff reasonable care for his physical and emotional wellbeing.

20.

By reason of the aforementioned carelessness and negligence on the part of Defendant Nolan, the plaintiff incurred the aforementioned injuries, as a result of which he has suffered pain and suffering, loss of normal enjoyment of life, expenditures of money for medical attention to treat his injuries, and loss of wages and employment.

WHEREFORE, the plaintiff, Brian T. Dupirack, claims damages from the defendants, Kirk Nolan and the Pennsylvania State Police, in an amount in excess of Fifty thousand ($50,000.00) Dollars, plus costs of suit.

COUNT IV

21.

Paragraphs 1 through 9 hereinabove, inclusive, are incorporated by reference as if here set forth at length.

22.

The aforementioned conduct by Defendant Nolan constituted unreasonable and excessive force against the plaintiff under the circumstances then and there existing, thereby violating the plaintiff's constitutional rights under the Fourth, Eighth and

Case 3:08-mc-00025-KRG Document 17-4 Filed 02/12/2009 Page 10 of 14


Fourteenth Amendments to the United States Constitution by depriving the plaintiff of his rights to liberty and due process of law and against cruel and unusual punishment.

23.

By reason of the aforementioned violation of the plaintiff's constitutional rights on the part of Defendant Nolan, the plaintiff incurred the aforementioned injuries, as a result of which he has suffered pain and suffering, loss of normal enjoyment of life, expenditures of money for medical attention to treat his injuries, and loss of wages and employment.

24.

As a direct and proximate result of the aforementioned conduct by Defendant Nolan and the injuries resulting therefrom, the plaintiff is entitled to damages against the defendants under the Federal Civil Rights Act of 1871, 42 U.S.C. §1983.

WHEREFORE, the plaintiff, Brian T. Dupirack, claims damages from the defendants, Kirk Nolan and the Pennsylvania State Police, in an amount in excess of Fifty thousand ($50,000.00) Dollars, plus exemplary or punitive damages and costs of suit.

COUNT V

25.

Paragraphs 1 through 9 hereinabove, inclusive, are incorporated by reference as if here set forth at length.

26.

Defendant Pennsylvania State Police was responsible for the training and supervision of Defendant Nolan in the proper treatment of citizens during the course of performing his duties as a State Trooper and as a canine officer.

27.

It is believed, and therefore averred, that Defendant Pennsylvania State Police negligently failed to ensure that Defendant Nolan had the proper training and/or supervision for performance of his duties as a State Trooper and/or canine officer.

28.

By reason of the foregoing, Defendant Pennsylvania State Police should have reasonably known that Defendant Nolan would conduct himself in such a fashion as to cause injuries, or the risk thereof, to other individuals in the course of the performance of his duties.

29.

By reason of the aforementioned negligence of Defendant Pennsylvania State Police and the resulting conduct by Defendant Nolan, the plaintiff incurred the aforementioned injuries, as a result of which he has suffered pain and suffering, loss of normal enjoyment of life, expenditures of money for medical attention to treat his injuries, and loss of wages and employment.

Case 3:08-mc-02025 Document 17-4 Filed 02/12/2009 Page 12 of 14



WHEREFORE, the plaintiff, Brian T. Dupirack, claims damages from the defendant, Pennsylvania State Police, in an amount in excess of Fifty thousand ($50,000.00) Dollars, plus costs of suit.

Richard A. Behrens, Esq.

By: ______________________
Richard A. Behrens, Esquire
Ten Bird Cage Walk
Towne Square
Hollidaysburg, PA 16648
(814) 696-4747
Pa. Atty. I.D. # 16919

Attorney for Plaintiff

JAN. 26. 2009 2:58PM . PSP TROOP G 8146966033 NO. 6542 P. 15

Verification

I verify that the statements made in this Complaint are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.

Date: 1/23/09

Brian T. Dupirack
Brian T. Dupirack
Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that I have this date served a true and correct copy of the foregoing complaint and notice to plead by U.S. first class mail, postage prepaid, on the following:

Trooper Kirk Nolan
Pennsylvania State Police
1510 North Juniata Street
Hollidaysburg, PA 16648

Pennsylvania State Police
Hollidaysburg Barracks
1510 North Juniata Street
Hollidaysburg, PA 16648

1-23-09
Date

Richard A. Behrens, Esquire
Attorney for Plaintiff

HEREBY CERTIFY THAT THE WITHIN DOCUMENT IS A TRUE AND CORRECT COPY OF THE ORIGINAL FILED IN THIS MATTER.

COUNSEL FOR Plaintiff